**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**DEMARIO WALKER**                                                              **PETITIONER**

**V.**                                           **CASE NO. 2:10-CV-176-KS-MTP**

**DALE CASKEY**                                                                **RESPONDENT**

**REPORT AND RECOMMENDATIONS**

This matter is before the Court on Demario Walker's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254. Dale Caskey, the respondent in this matter, filed an answer to the petition wherein he asserts that Walker is not entitled to federal habeas relief because he did not exhaust his claims prior to filing this action. Upon due consideration of the parties' briefs, case record, and applicable law, the undersigned is of the opinion that the Petition [1] should be denied and that this case should be dismissed with prejudice.

**FACTS AND PROCEDURAL HISTORY**

On May 21, 2002, Demario Walker pled guilty to one count of attempted uttering of a forgery, in violation of Miss. Code Ann. § 97-21-59 and § 97-21-7. Doc. [10-1] at 6, 16-19. On June 7, 2002, the Circuit Court of Marion County, Mississippi, sentenced Walker to serve 10 years in the custody of the Mississippi Department of Corrections ("MDOC"), and to participate in the MDOC Regimented Inmate Discipline ("RID") Program. Doc. [10-1] at 23-25, 82-83. As part of his sentence, Walker had to complete the RID Program at a restitution center and upon completion, he would be released to a local probation officer to complete his period of probation.[1] Doc. [10] at 24.

---

[1] In addition, Walker was ordered to pay a $1,000 fine, reimburse $1,000 to the Marion County Public Defenders fund, and pay all court costs. Further, the restitution center was

On February 3, 2003, after receiving notification that Walker could not complete the RID Program due to medical problems, the Marion County Circuit Court amended his sentence and ordered that he be released on probation for 5 years. Doc. [10-1] at 85-88. The amended sentence provided that Walker was given credit for the 180 days he served on his 10-year sentence and that the remaining 8 years, 6 months, and 3 weeks would be suspended. *Id*.

On February 28, 2003, the Marion County Circuit Court revoked Walker's probation because he violated certain terms and conditions of release.[2] Doc. [10-1] at 91. Walker was then placed in MDOC custody to serve 5 years imprisonment.[3] He later became eligible for parole and was released on or about January 27, 2006. *See* Inmate Time Sheet [10-3] at 1; *Walker v. State*, 35 So. 3d 555, 557 (Miss. Ct. App. 2010). However, his parole was revoked again in mid-2007 and he returned to prison. Inmate Time Sheet [10-3] at 1.

On September 17, 2007, Walker was released on parole. Inmate Time Sheet [10-3] at 2. Shortly thereafter, he pled guilty to two felony counts of uttering bad checks in violation of Miss. Code Ann. § 97-19-55 (Rev. 2006). As a result, Walker's parole was revoked and he returned to prison in January 2008. *Walker*, 35 So. 3d at 557.

On August 1, 2008, Walker filed a motion for post-conviction relief to the Marion County Circuit Court. Doc. [10-1] at 142. By order dated August 7, 2008, the motion was

---

required to notify the circuit clerk upon Walker's release from the center and pay all monies collected to the clerk. Doc. [10-1] at 24.

[2]According to the Order of Revocation of Probation, Walker failed to complete a program at the Hinds County Restitution Center and failed to pay his fines to the Marion County Clerk. Doc. [10-1] at 91.

[3]On July 1, 2005, Walker filed a petition in this Court challenging the February 2003 revocation of his probation. However, his petition was denied for failure to exhaust the claims before seeking federal habeas relief. *See Walker v. King, et al.*, No. 2:05-cv-395-KS-MTP (S.D. Miss. July 29, 2008) (order adopting report and recommendations of the magistrate judge).

denied. Doc. [10-2] at 51-57. Walker filed a notice of appeal on August 26, 2008. Doc. [10-2] at 58. He argued that the trial court unlawfully revoked his parole without affording him due process of law, that his "street time" was unlawfully revoked, and that Miss. Code Ann. § 47-7-27 was unconstitutional. Doc. [10-5] at 2-12. On March 30, 2010, the Mississippi Court of Appeals affirmed the denial of post-conviction relief. Walker requested and was granted three extensions of time within which to file a petition for rehearing. Doc. [9-9]. The court of appeals, however, denied his fourth request. Doc. [9-10]. The deadline by which Walker was required to move for rehearing was July 1, 2010. He did not file a motion by that date. The court of appeals issued a mandate on July 13, 2010. Since he did not move for rehearing, Walker was unable to petition the Mississippi Supreme Court for certiorari.

On July 19, 2010, Walker filed the instant Petition in this Court, asserting the following grounds for habeas relief: (1) probation unlawfully revoked; and (2) parole unlawfully revoked. Although he lists two grounds for relief, Walker does not provide any additional information or proof showing that he was revoked from probation and parole. In light of the evidence in the record, it appears that only Walker's parole was revoked. Accordingly, the undersigned interprets the Petition as stating one ground for relief: unlawful revocation of parole.[4] It appears that the Petitioner only challenges the 2008 revocation of his parole.

In his Answer [9], the Respondent argues that Walker never gave the Mississippi Supreme Court an opportunity to review his claim and, therefore, the Petition must be denied. Walker requested and was granted additional time to respond to the Answer, but he failed to file a response. Accordingly, this matter is ripe for a decision.

---

[4] Walker does not challenge the merits of his guilty pleas or the sentences imposed thereon. Since filing the Petition, Walker has been in and out of prison. It is unclear whether he is currently incarcerated. However, no change of address has been filed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") and case law interpreting it provide the standards under which Walker's petition must be evaluated.[5] *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Lindh v. Murphy*, 521 U.S. 320, 324-26 (1997) (stating that the AEDPA applies to federal habeas corpus petitions filed on or after April 24, 1996). As a preliminary matter, applicants must exhaust all state remedies before seeking federal habeas relief. Title 28 U.S.C. § 2254 provides, in relevant part, that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>         . . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *Byron v. Epps,* -- F. App'x–, 2013 WL 1277086, at *7 (5th Cir. 2013); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed. 2d 64 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The longstanding exhaustion requirement is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights." *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005) (citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003).

---

[5]Walker's petition was filed after the effective date of the AEDPA.

To satisfy the exhaustion requirement under § 2254(b)(1)(A), a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner and provide that court with a fair opportunity to act on the claims. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). A claim is exhausted "when the substance of the federal habeas claim has been fairly presented to the highest state court." *Smith v. Dretke,* 422 F.3d 269, 276 (5th Cir. 2005). If a claim is fairly presented to the highest state court on direct appeal or in post-conviction proceedings, it will be deemed exhausted "even if the state court fails to address the federal claim," *Soffar v. Dretke*, 368 F.3d 441, 467 (5th Cir. 2004), or if the federal claim is not fairly presented but the state court addresses it *sua sponte*, *Jones v. Dretke*, 375 F.3d 352, 355 (5th Cir. 2004). The exhaustion requirement is not satisfied if a petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *see also Nobles*, 127 F.3d at 420.

This Court agrees with the Respondent in that Walker failed to exhaust his claim for unlawful revocation of parole before seeking federal habeas relief. The Mississippi Court of Appeals ruled on Walker's claim for unlawful parole revocation on March 30, 2010. Walker failed to move for rehearing and, therefore, could not petition the Mississippi Supreme Court for certiorari. Based on the applicable law, Walker's claim will only be deemed exhausted after the highest state court-the Mississippi Supreme Court-has been given a fair opportunity to consider it. As the ground for relief raised in the Petition was never presented to the Mississippi Supreme Court, Walker has not satisfied the exhaustion requirement under § 2254(b)(1)(A). Accordingly,

this claim is procedurally defaulted from federal review.[6]

Although a habeas claim is procedurally barred, a federal court still may consider it on the merits if there is either: (1) "cause and actual prejudice," or (2) a fundamental "miscarriage of justice." *See Bagwell v. Dretke*, 372 F.3d at 755; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show "cause and actual prejudice," a petitioner must prove that an external impediment prevented him from raising the defaulted claim. "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. To show a fundamental miscarriage of justice, a petitioner must show "that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).

Here, neither the "cause and actual prejudice" nor the fundamental "miscarriage of justice" standard applies. Walker does not claim that an external impediment prevented him from presenting his claim to the Mississippi Supreme Court. After the Mississippi Court of Appeals affirmed the trial court's denial of post-conviction relief, Walker could have moved for a rehearing and then, upon an unfavorable ruling, petitioned the state supreme court for certiorari. Although Walker was granted additional time to move for rehearing, he did not file a motion. Since Walker cannot establish cause for the default, the "cause and actual prejudice" standard does not apply.[7]

Likewise, the fundamental miscarriage of justice standard does not apply because the

---

[6]"[P]rocedural default...occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004) *cert. denied*, 543 U.S. 989 (2004).

[7]Because cause has not been established, the Court "need not consider whether there is actual prejudice." *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Petitioner does not show "as a factual matter, that he did not commit the crime of conviction." *Ward*, 53 F.3d at 108. Walker does not claim that he is innocent of attempted uttering of a forgery. He does not challenge the merits of his conviction nor does he challenge his sentence. Instead, he argues that his parole was unlawfully revoked. Since the Petitioner fails to show that he did not commit the crime of conviction, the fundamental miscarriage of justice standard does not apply in this case.

Because neither the "cause and actual prejudice" nor the fundamental "miscarriage of justice" standard applies, the procedural default to Walker's claim cannot be excused. Therefore, this Court is barred from reviewing the Petition. Dismissal is proper.

## RECOMMENDATIONS

Based on the foregoing analysis, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 be denied with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association,* 79 F.3d

1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 1st day of August, 2013.

**/s/Michael T. Parker**
UNITED STATES MAGISTRATE JUDGE